**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON**

| | |
|---|---|
| **TERESA LYNN HOWARD,** | **CIVIL ACTION NO. 6:15-cv-00114-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | |

This matter is before the Court for consideration of cross-motions for summary judgment. [DE 15; 16.] The Plaintiff, Teresa Lynn Howard, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Teresa Lynn Howard ("Claimant") filed her claim for SSI on April 6, 2012, alleging an onset date of January 15, 2012. [TR 350.] The agency denied her application initially and upon reconsideration. [TR 266-295.] Claimant requested review by an ALJ, and a hearing was held on January 28, 2014. [TR 222-265.] The ALJ subsequently issued an unfavorable decision on February 27, 2014. [TR 201-221.]

At the time the ALJ's decision was rendered, Claimant was 46 years old. [TR 226.] Claimant has a high school diploma and has some work experience as a housekeeper [TR 238-240.] She alleges disability due to knee, hip, and back injuries, depressive disorder, and several additional medical conditions including iron deficiency, sleep apnea, and methicillin resistance among staphylococcus aureus (MRSA) infections. [TR 240-260.]

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since April 6, 2012, the date she filed her application. [TR 206.] Second, the ALJ found that Claimant

2

suffers from the following severe impairments: lumbar and thoracic spine degenerative disc disease, bilateral knee osteoarthritis, status post arthroscopic surgery on left knee, obesity, and depressive disorder. [TR 206.] Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 208.]

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform sedentary work as defined in 20 CFR § 416.967(a) except with no more than four hours of standing or walking in an eight-hour day, no climbing of ladders, ropes, or scaffolds, and no kneeling or crouching. [TR 209.] Additionally, the ALJ found that Claimant is limited to no more than occasional climbing of ramps and stairs, no more than occasional crawling and stooping, would require the use of a cane for standing and walking, must avoid concentrated exposure to extreme cold and even moderate exposure to vibration and hazards. In terms of her mental health restrictions, the ALJ found that Claimant is able to carry out simple and detailed instructions, can frequently interact with coworkers and supervisors, can occasionally interact with the public, is able to perform work that does not require intense production demands, and

can adapt to workplace changes that occur occasionally and that are gradually introduced. [TR 209.]

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could work as a housekeeper/cleaner or house sitter. [TR 213.] The VE testified that this hypothetical individual could not perform any past relevant work. [TR 262.] Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and sedentary jobs, including hand bander, table worker fabrication, and surveillance system monitor. [TR 264.] Therefore, the ALJ found Claimant not disabled. [TR 214.]

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on May 4, 2015. [TR 1-5.] Claimant has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988)

(alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents two issues for review. First, she argues that the ALJ failed to properly evaluate her subjective complaints of pain. [DE 15-1 at 9-13.] Second, she argues that the ALJ's residual functional capacity finding is not supported by substantial evidence. [DE 15-1 at 14-15.]

*1. The ALJ made a valid credibility determination regarding Claimant's complaints of pain*

Claimant first argues that "the ALJ failed to adequately consider the effects of Ms. Howard's subjective complaints of pain on her ability to perform basic work activities." [DE 15-1 at 10.]

"An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010). When making this determination, an ALJ is required to resolve evidentiary conflicts and incorporate only those limitations that she finds credible into the RFC assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993). "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)

In this case, the ALJ concluded that Claimant's "medical record diminishes the credibility of her allegations of being totally disabled." [TR 210.] The ALJ properly compared Claimant's medical records to her claims regarding the severity of her pain and limitations to make a credibility determination. 20 C.F.R. § 416.929(c)(4) ("We will consider your statements about the

5

intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled."); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

With regard to Claimant's back pain, the ALJ noted that x-rays and C/T scans revealed mostly normal findings with only some mild degeneration. [TR 210.] Furthermore, the ALJ cited an examination by Claimant's pain management specialist that showed she had a normal range of motion and muscle strength in her thoracic region, could stand without difficulty, and had only some tenderness to palpitation and a mildly reduced range of motion in her lumbar region. [TR 211.] This clinical and diagnostic evidence constituted substantial evidence in support of the ALJ's finding that the record as a whole did not support the level of back pain that Claimant alleged. [TR 211.]

The ALJ also considered Claimant's statements about her knee pain and acknowledged that Claimant was experiencing knee pain, but likewise concluded that the record as a whole did not support the level of severity that Claimant alleged. [TR 211.] After Claimant's knee replacement, her follow-up revealed normal results with only some tenderness and swelling. [TR 211.] The ALJ also considered a presentation to a new pain management specialist that showed some knee pain with range of motion activities, but was otherwise normal. [TR 211.] Lastly, a February 2014 examination showed that Claimant's gait was normal and she could stand without difficulty. [TR 211.] These medical records supported the ALJ's finding regarding Claimant's knee pain.

As to Claimant's psychological impairments, the ALJ found once again that "the record does not support either the severity of her allegations or the frequency of her treatment" for her

6

anxiety and depression. [TR 212.] The ALJ noted that Claimant appeared for treatment sporadically, accumulating eleven missed appointments with one provider. [TR 212.] When Claimant did receive treatment, providers assessed her as having only mild to moderate psychological symptoms and otherwise stated that she appeared normal. [TR 212-213.] These examination records provided substantial evidence for the ALJ's finding that "the severity of [Claimant's] psychological allegations are not supported by the record as a whole." [TR 213.]

Claimant provides a detailed overview of her medical conditions and treatment history, and asserts that it is clear that she is unemployable due to her conditions. *See* [DE 10-13.] However, where the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that would have supported an opposite conclusion. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). Indeed, even if the Court would have decided the matter differently than the ALJ, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996). Here, as explained above, substantial evidence supported the ALJ's credibility determination, so it must be affirmed.

*2. The ALJ did not err in determining Claimant's RFC.*

Second, Claimant appears to challenge the ALJ's RFC determination, stating: "When the record in this case is considered in its entirety, the combined effects of Mrs. Howard's physical and mental impairments reflect that she could not perform a wide range of even sedentary work on a regular sustained basis." [DE 15-1 at 14.] Again, Claimant provides an overview of the conditions that she believes make her disabled, but does not explain how the ALJ's RFC determination is flawed. To reiterate, it is not up to this Court to re-weigh the evidence. Rather, the ALJ's determination must be upheld if it is supported by substantial

7

evidence, regardless of whether substantial evidence exists for a contrary determination. *Longworth*, 402 F.3d at 595.

The ALJ's RFC determination was based on a lengthy and detailed discussion of the medical evidence in the record. *See* [TR 209-213.] The ALJ limited Plaintiff to "less than a full level of sedentary work" and limited her, among other things, to standing and walking for only four hours throughout an eight-hour workday. [TR 211.] Furthermore, the ALJ also made accommodations for Claimant regarding the gait issues to which she testified by "adding a limitation that she requires the use of a cane for standing and walking." [TR 211.] The ALJ noted that no treating physician or consultative examiner made any statement regarding any functioning limits. [TR 211-212.] The ALJ's RFC finding was actually more restrictive than the state agency reviewer, who opined that claimant would be limited to light exertional work. [TR 212.] ("However, I further limited the exertional portion of this opinion to a sedentary level based upon the claimant's bilateral knee impairments, in addition to her left knee replacement surgery.").

The ALJ also fully considered Claimant's psychological impairments in determining her RFC. The ALJ analyzed pertinent treatment notes from Dr. Raza and Dr. Ford, as well as state agency reviewers. [TR 212-213.] The only specific challenge Claimant makes is to the ALJ's finding that she is able to carry out simple and detailed instructions. *See* [TR 12.] However, this part of the RFC was supported by substantial evidence. The state agency reviewers opined that Claimant would be able to understand and remember simple and detailed instructions. [TR 213.] Furthermore, the ALJ noted that during the hearing "she was able to understand and follow the hearing proceedings and all lines of questioning." [TR 208.] Therefore, the ALJ's RFC determination, and ultimate finding that Claimant is not disabled, is supported by substantial evidence.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment [DE15] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 16] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated August 15, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY